IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | No. C-10-4756 MMC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO FILE COMPLAINT AS "DOE" PLAINTIFF, FOR ELECTRONIC CASE FILING, AND FOR PROTECTIVE ORDERS; DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| GRAHM L. CODER, et al., | |
| Defendants. | |

Before the Court is the "Verified Ex Parte Motion: 1. to File Complaint as a 'Doe' Plaintiff; 2. for Electronic Case Filing; 3. for Protective Orders," filed October 21, 2010 by plaintiff, who presently is appearing herein as "John Doe" and who proceeds pro se.[1] Having read and considered the motion, the Court rules as follows.

## BACKGROUND

In his complaint, plaintiff alleges that, in 2008, he applied for a position with the Federal Bureau of Investigation ("FBI") as a Special Agent, and, after passing two tests, he was "conditionally appointed" as a Special Agent in May 2009. (See Compl. ¶¶ 53, 88-91.) Plaintiff also alleges that defendant Special Agent Grahm L. Coder ("Coder"), during June 2009, "communicated with [p]laintiff numerous times" and did so for the "purpose" of

---

[1] Plaintiff represents that he is an attorney admitted to practice in California and in this District.

1  "develop[ing] disqualifying information" because plaintiff had "laughed" at Coder.  (See
2  Compl. ¶¶ 103, 133.)  Plaintiff further alleges that Coder wrote a "defamatory" report in
3  which Coder "falsely state[d] that [p]laintiff, acting as an attorney, negotiated an illegal drug
4  buy."  (See Compl. ¶ 108.)  In July 2009, according to plaintiff, the FBI sent him a "rejection
5  letter" stating that he had been "adjudicated not suitable for 'drug use' and 'criminal
6  conduct.'"  (See Compl. ¶ 111.)  Plaintiff also alleges that defendants, each of whom is
7  employed by the FBI, caused the "defamatory material to be placed in an interagency
8  database," which, in turn, caused plaintiff to be "disqualified from the CIA, which was
9  [p]laintiff's second choice."  (See Compl. ¶ 45.)

10  Based on the above allegations, plaintiff alleges claims for "defamation per se" and
11  "defamation pro quod."  Additionally, plaintiff alleges a claim titled "Bivens," which is based
12  on the theory that plaintiff was deprived of a "Constitutional right to due process of law in
13  the pursuit of employment with the FBI and the CIA."  (See Compl. ¶ 151.)

**A.  Request to Proceed Anonymously**

15  Plaintiff asserts he is entitled to proceed anonymously.  Plaintiff concedes that
16  defendants know his identity but argues he should be allowed to keep his identity from the
17  public.

18  Courts "recognize the paramount importance of open courts."  See Doe v.
19  Kamehameha Schools, 596 F.3d 1036, 1046 (9th Cir. 2010).  "For this reason, the default
20  presumption is that the plaintiff[ ] will use [his] true name[ ]."  Id.  To determine whether a
21  plaintiff has overcome such presumption, a court considers the follows factors:  (1) "the
22  severity of the threatened injury;" (2) "the reasonableness of the anonymous party's fears;"
23  (3) "the anonymous party's vulnerability to retaliation;" (4) "prejudice at each stage of the
24  proceedings to defendants;" and (5) "the public's interest."  See Does v. Advanced Textile
25  Corp., 214 F.3d 1058, 1070-72 (9th Cir. 2000).  The first two factors are the "most
26  important," and, accordingly, a party seeking to proceed anonymously "must show both
27  (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable."  See
28  Kamehameha Schools, 596 F.3d at 1043.

1    Here, plaintiff asserts that the "legal community" in Santa Clara County, where
2 plaintiff states he practices, is "fairly small" and, further, that the "particular segment of the
3 legal profession in which plaintiff practices is a much smaller part of the legal community."
4 (See Pl.'s Mot. ¶ 11.)  Plaintiff also asserts he operates a website on which he criticizes the
5 FBI's handling of his job application, as well as those of other applicants.  According to
6 plaintiff, if he litigates the instant case under his true name, there will be "irreparable,
7 immeasurable harm to [p]laintiff's professional reputation."  (See id. ¶ 4.)  Although plaintiff
8 fails to explain the factual basis for his argument in detail, it appears plaintiff is arguing that
9 if the public knew of the assertedly "false" reason the FBI did not hire him and/or knew he
10 has criticized the FBI's employment practices, members of the public seeking an attorney
11 who provides the type of services plaintiff provides would decide not to retain plaintiff.
12    Plaintiff's showing is entirely speculative.  Plaintiff has not shown any threat of harm,
13 let alone a threat of "severe harm."  See Kamehameha Schools, 596 F.3d at 1043; cf.
14 Advanced Textile Corp., 214 F.3d at 1062, 1071 (holding "severity of threatened harm"
15 weighed in favor of anonymity where plaintiff "foreign garment workers" faced threats of
16 retaliation by employers in the form of "deportation, arrest, and imprisonment").  There is no
17 showing, for example, that the general community residing in the geographic area in which
18 plaintiff works would be hostile to plaintiff in light of the allegations in his complaint or any
19 statement he has made on his website.  Cf. Doe v. Stegall, 653 F.2d 180, 186 (5th Cir.
20 1981) (holding parent and two minor children challenging "constitutionality of prayer and
21 Bible reading classes in Mississippi public schools" allowed to proceed anonymously,
22 where plaintiffs offered evidence to show they reasonably feared "extensive harassment"
23 from community that was "hostile to the viewpoint reflected in plaintiffs' complaint").  Nor
24 has plaintiff shown that his fears are reasonable, as, again, such concerns are based
25 entirely on speculation.  Consequently, plaintiff has failed to show that either of the first two
26 factors, which, as noted, are the "two most important" factors, see Kamehameha Schools,
27 596 F.3d at 1043, weighs in favor of allowing plaintiff to proceed anonymously.
28    Further, plaintiff has not shown that the remaining factors weigh in favor of

3

anonymity. First, plaintiff has in no manner demonstrated he is particularly vulnerable. Second, although at this stage of the proceedings there is no indication of prejudice to defendants,[2] plaintiff has failed to show the public lacks an interest in knowing the identities of all parties to the litigation. As the Fifth Circuit has pointed out, "there remains a First Amendment interest in insuring that what transpires in the courtroom is public property." See Stegall, 653 F.2d at 185 (internal citation and quotation omitted).

In sum, plaintiff has failed to rebut the "normal presumption in litigation" that "parties must use their real names." See Kamehameha Schools, 596 F.3d at 1046.

Accordingly, to the extent the motion seeks an order allowing plaintiff to proceed anonymously, the motion will be denied and the complaint will be dismissed with leave to amend, specifically, for plaintiff to state his true name.

**B.   Request for Special ECF Procedures**

Plaintiff seeks permission to create and use an ECF account under a fictitious name. Because the Court has not granted plaintiff permission to proceed anonymously, this request will be denied.

**C.   Protective Orders**

Plaintiff seeks a protective order prohibiting defendants from revealing plaintiff's true name or identifying information to anyone. Because the Court has not granted plaintiff permission to proceed anonymously, this request will be denied.

Plaintiff also seeks a protective order prohibiting defendants from revealing the true names of or identifying information about two individuals identified by plaintiff in his complaint as "James Doe" and "Christopher Doe." (See Compl. ¶ 107.)[3] To the extent

---

[2] Because no defendant has appeared, the Court cannot properly analyze whether any defendant would be prejudiced if plaintiff were to keep his identity from the public.

[3] According to an attachment to the complaint, plaintiff, in May 2008, "accompanied James to [their] mutual friend Chris's house," where "James intended to obtain a small amount of marijuana (less than $100) from Chris and [plaintiff] intended to visit with Chris" (see Compl. Ex. A, at 5:22-25), and where "James" and "Chris" "came to [an] agreement and exchanged the marijuana" after plaintiff had "excused himself" from the room (see id. Ex. A, at 18:26-27).

4

plaintiff seeks to limit discovery concerning "James" or "Christopher," the motion will be denied without prejudice to plaintiff's renewing the motion in the event a dispute regarding the scope of discovery arises and the parties are unable to resolve such dispute.  See Fed. R. Civ. P. 26(c)(1).  To the extent plaintiff seeks to preclude defendants from speaking with any third party regarding matters of which defendants already are informed, the motion will be denied, as plaintiff fails to cite any authority providing for the imposition of such First Amendment restriction on an ex parte basis.

      Finally, plaintiff seeks a protective order precluding the United States Postal Service from disclosing plaintiff's name or address to anyone who inquires as to the identity of the person who rents the post office box identified in plaintiff's filings as plaintiff's address of record.  Because the Court has not granted plaintiff permission to proceed anonymously, this request will be denied.  Moreover, the request will be denied for the additional reason that plaintiff has failed to show there exists a dispute between plaintiff and the Postal Service, such that the Postal Service is, over plaintiff's objection, likely to disclose his name and address to anyone who inquires.  Finally, the request will be denied for the further reason that plaintiff has failed to cite any authority providing for the granting of the requested relief against a non-party on an ex parte basis.

## CONCLUSION

For the reasons stated above:

1. Plaintiff's motion is hereby DENIED; and

2. Plaintiff's complaint is hereby DISMISSED with leave to amend to file, no later than December 14, 2010, a First Amended Complaint in which plaintiff discloses his true name.

**IT IS SO ORDERED.**

Dated:  November 30, 2010

MAXINE M. CHESNEY
United States District Judge